**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 7, 2013

LETTER TO COUNSEL:

      RE:    *Carleen White v. Commissioner, Social Security Administration*;
                Civil No. SAG-11-3769

Dear Counsel:

      On December 30, 2011, the Plaintiff, Carleen White, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. White filed her claim on December 2, 2008, alleging disability beginning on July 1, 2001. (Tr. 150-56). Her claim was denied initially on March 11, 2009, and on reconsideration. (Tr. 99-102). A hearing was held on July 27, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 22-64). Following the hearing, on September 3, 2010, the ALJ determined that Ms. White was not disabled during the relevant time frame. (Tr. 11-21). The Appeals Council denied Ms. White's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. White suffered from the severe impairments of mood and personality disorder, degenerative joint disease of the knee, degenerative disc disease, carpal tunnel syndrome, and bronchitis. (Tr. 16). Despite these impairments, the ALJ determined that Ms. White retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) with the additional limitation that she can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds), and has a sit/stand option that allows her to sit or stand alternatively, at will. She requires a cane to walk. Because of her mental impairments, she can perform jobs consisting of unskilled, routine, and repetitive tasks, with only occasional interaction with the public and coworkers.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. White could perform jobs that exist in significant numbers in the national economy, and that

*Carleen White v. Commissioner, Social Security Administration*
Civil No. SAG-11-3769
January 7, 2013
Page 2


she was therefore not disabled during the relevant time frame.  (Tr. 20-21).

      Ms. White essentially raises a single issue on appeal.[1]  She contends that the ALJ's hypothetical question to the VE did not adequately incorporate all of the limitations in the opinion of Dr. Edmunds, which the ALJ noted that he had "accepted."  (Tr. 19, 274-76).  Ms. White is correct that Dr. Edmunds checked eleven "moderate limitations" in Section I of his opinion, and that the ALJ did not include all eleven limitations in his hypothetical.[2]  (Tr. 274-76). However, the relevant portion of Dr. Edmunds's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment.  *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment).  Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations, and the ALJ need not include each of those limitations in the hypothetical to the VE.   *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct.  25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so.").

      The ALJ's hypotheticals included limiting work "to unskilled, routine and repetitive tasks with occasional interaction with the public and occasional interaction with coworkers." (Tr. 57). Those hypotheticals comport with Dr. Edmunds's RFC, which found that:

> [m]otivation, persistence, A/C, and memory fluctuate due to the effects of the conditions.  The claimant is able to understand and follow single and two-step instructions, work independently, request assistance, and make simple work-related decisions.  The claimant is able to adequately negotiate in the community. While the claimant retains the ability to interact appropriately with others, her abilities to maintain adequate social relations, respond appropriately to authority, work effectively with others, and manage work-related stress are limited are

---

[1] Ms. White also argues that the ALJ failed to consider the combined effect of her impairments. Pl. Mot. 10.   In making that boilerplate assertion, she provides no specific information about what combination of impairments the ALJ failed to consider, or how the ALJ's ultimate conclusion would have changed.  The ALJ appears to have addressed all of Ms. White's impairments in the analysis.   Moreover, the ALJ expressly stated that Ms. White's impairments were considered "singly and in combination," and referred several times to "careful consideration" of the entire evidence of record. *See, e.g.,* Tr. 16, 17, 18.  Finally, the ALJ's RFC addressed both physical and mental impairments, again suggesting that the ALJ properly considered the combination of limitations affecting Ms. White's ability to function.

[2] In posing what he defined as a "complete hypothetical" including all eleven moderate limitations, upon a request for clarification from the VE, Ms. White's counsel defined "moderately limited" as "a significant limitation."  (Tr. 62).  The need for clarification highlights the reason that Section I limitations are not particularly informative.  It is unclear whether Dr. Edmunds would agree with counsel's definition of "moderately limited," and unclear whether Dr. Edmunds and the VE interpret "significant" in the same way.

*Carleen White v. Commissioner, Social Security Administration*
Civil No. SAG-11-3769
January 7, 2013
Page 3


> limited [sic] by irritability and impaired anger management. Claimant will likely experience difficultly setting useful personal goals, though she is reporting persistence with current SA treatment. Overall, the claimant's residual functional capacity appears compatible with the performance of simple tasks on a prolonged basis.

(Tr. 276). The ALJ's hypothetical adequately addressed the limitations found in Dr. Edmunds's Section III RFC, which the ALJ accepted. Because the ALJ's determination was supported by substantial evidence, there is no basis for remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.


Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge